IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CR82 |
| | ) | |
| v. | ) | |
| | ) | |
| DEONTA MARION, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

　　　　This matter is before the Court on defendant's writ of habeas corpus filed pursuant to Title 28, U.S.C. § 2255 (Filing No. 41). Essentially defendant claims that he received ineffective assistance of counsel by reason of his counsel failing to object to certain criminal history points.

　　　　On February 22, 2007, a four-count indictment was returned against the defendant. Counts I and II charged the defendant with being a felon in possession of a firearm which had been shipped and transported in interstate commerce. The other two counts sought forfeiture of the two firearms which were the subjects of Counts I and II.

　　　　On April 30, 2007, the defendant entered a plea of guilty to Count I of the indictment pursuant to a plea agreement, which he entered into with the government. On July 26, 2007, he was sentenced to a term of forty-six (46) months imprisonment, and on August 2, 2007, a judgment and committal order was filed,

reflecting the sentence imposed on July 26, 2007 (Filing No. 35). No appeals were taken by the defendant.

The petition for writ of habeas corpus pursuant to Title 28, U.S.C. § 2255 was filed on December 29, 2008, but was signed by the defendant on December 18, 2008, at which time he was in custody, and the Court will consider that as the filing date of his petition.

His principal claim is that his counsel was ineffective for failing to object to the calculation of his criminal history since one or two of the charges included in that criminal history could no longer be used under Amendment 709. That amendment was incorporated into the United States Sentencing Guidelines effective November 1, 2007, which was several months after defendant's sentencing. The defendant claims that his § 2255 motion is timely because in March of 2008, Congress made Amendment 709 retroactive. He does not cite the Court to any specific act of Congress to that effect. That claim is simply untrue. This amendment to the Guidelines was not made retroactive, either by the United States Sentencing Commission or by Congress. That being the case, his motion filed more than sixteen months after the judgment and committal order became final, is untimely, and must be denied.

The Court notes that the objections which the defendant now wishes to make to his criminal history category were made by

his attorney in the objections which his counsel filed on June 28, 2007, and were taken up by the Court at the time of his sentencing and were denied.

For all of the above reasons, the Court finds defendant's motion should be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 28th day of January, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court